Dr. Enefiok Ekpe c/o University of Arkansas System 2404 North University Avenue Little Rock, AR 72207-3608
Dear Dr. Ekpe:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the custodian of records at the University of Arkansas at Pine Bluff ("UAPB") has correctly determined under the Arkansas Freedom of Information Act ("FOIA") to release certain information related to your former employment with the University. Specifically, you state that your former employer has received a verbal FOIA request for copies of your personnel file and an investigative file relating to a sexual harassment complaint made against you. You object to the release of what you refer to as your "personal information," and request an opinion from this office in that regard. My statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) is to state whether the custodian's decision is consistent with the provisions of the FOIA.
RESPONSE
I must note initially that I have not reviewed the actual records in question and therefore cannot opine conclusively as to their disclosure under the FOIA. It is my understanding, however, that the custodian of the records has decided to release your personnel file after making a number of redactions for items such as home address, social security number, medical records, educational records, certain financial information, and any employee evaluation or job performance records that did not form the basis for suspension or termination. In addition, it is my understanding that the custodian has decided to release the contents of the investigative file as they formed the basis of your termination from the University.
Although I have not reviewed the actual records, it is my opinion that the custodian's decision to release your personnel file is generally consistent with the FOIA.
Under the FOIA, "personnel records" are subject to inspection and copying except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). Although the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." As I have previously stated, "[a] number of documents contained in personal files are typically releasable under this standard." Op. Att'y Gen. 2005-011.
With regard to the custodian's decision to redact home address, medical records and educational records, the exemption of this information from public inspection is supported by specific provisions in the FOIA. See A.C.A. § 25-19-105(b)(13) (Supp. 2005) and § 25-19-105(b)(2) (Supp. 2005). In addition, I and my predecessors have opined on numerous occasions that certain types of personal financial information and social security numbers should not be released under the FOIA by virtue of the exception for "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). See, e.g., Ops. Att'y Gen. 2005-041, 2002-255, 2002-043, 2001-112, 2001-080 (personal financial information); and Ops. Att'y Gen. 2006-111, 2006-035, and 2003-153 (social security numbers). In my opinion, therefore, this portion of the custodian's decision is consistent with the FOIA.
"Employee evaluation or job performance records" on the other hand, are distinct from "personnel records" for purposes of the FOIA and are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
The FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. Nos.2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Ark. Op. Att'y Gen. No. 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 4th ed. 2004), at 196. According to opinions of this office, documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-035; 2003-078; 2001-203; 99-147; 93-105; 93-055; 92-231; 91-324. Documents received from third parties generally are not employee evaluation or job performance records, but might be classified as "personnel records." See, e.g., Ark. Op. Att'y Gen. Nos. 2006-035; 98-001; 96-342.
My predecessor has previously concluded, and I agree, that a record of an investigation into allegations of sexual harassment constitute job performance records. Op. Att'y Gen. 99-361,citing Ops. Att'y Gen. 94-119 and 88-162. As indicated above, such records are subject to inspection and copying under the FOIA "only upon final administrative resolution of any suspension or termination proceeding at which the records formed a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in disclosure." A.C.A. §25-19-105(c)(1). These requirements "are designed to ensure that evaluation records are not released prematurely and that disclosure will be made only when the records are relevant to employee performance deficient enough to merit suspension or termination." John Watkins, "Recent Developments Under theArkansas Freedom of Information Act" 1987 Law Notes 59, 61. As I have previously stated, "[t]he question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined." Op. Att'y. Gen. 2005-011. The custodian must therefore determine whether these initial prongs of the test for release of employee evaluation or job performance records have been met.
Although I am not empowered as a fact-finder in the issuance of Attorney General opinions, it is my understanding that you have been terminated from your employment, that all administrative appeals are finalized, and the investigative records in question formed a basis for your termination. The remaining prong is that there be a "compelling public interest" in disclosure. I have previously stated the following with regard to this portion of the test:
 The FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1). However, Professors Watkins and Peltz, referring to Attorney General Opinions on this issue, offer the following guidelines:
 . . . [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Op. Att'y. Gen. 2004-272 at 5, citing Watkins and Peltz,supra.
The existence of a "compelling public interest" in disclosure will depend upon the facts and circumstances attendant to the particular case. This office has consistently opined, however, that the public has a compelling interest in allegations of sexual harassment engaged in by a public employee. See, e.g.,
Ops. Att'y Gen. Nos. 99-361; 94-119; 93-356; 89-073. Again, because I have not reviewed the records under consideration in your case, I cannot opine definitively as to the results of the balancing test. This is a decision for the custodian of the records, subject of course to judicial review. Based upon the limited information provided, however, it appears that the custodian's determination is generally consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh